UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

_____/

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH      14-MD-2543(JMF)
LITIGATION      14-MC-2543(JMF)

_____

This Document Relates To:

LELAND ANGLIN, AS GUARDIAN OF THE
PERSON AND ADMINISTRATOR OF THE
ESTATE OF TODD ANGLIN,

      Plaintiff,      Case No.: _____

v.

GENERAL MOTORS LLC,

      Defendant.
_____/

## COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff Leland Anglin, as Guardian of the Person and Administrator of the Estate of Todd Anglin, by and through his undersigned attorneys, and sues Defendant, GENERAL MOTORS LLC, and alleges as follows:

### I.    PREFACE

*"Something went wrong with our process in this instance, and terrible things happened."*
      **- Mary Barra, CEO of General Motors LLC**

1. For many years, GENERAL MOTORS LLC ("GENERAL MOTORS") has sold millions of vehicles throughout the United States and worldwide containing a safety defect: under certain conditions, the ignition switch may move out of the "run" position, resulting in a partial loss of

electrical power and turning off the engine. If the ignition switch is not in the run position, the air bags may not deploy if the vehicle is involved in a crash, increasing the risk of injury or fatality.

2. No later than 2005, GENERAL MOTORS was on notice of the serious safety issues presented by its ignition switch system, and received reports of crashes and injuries caused by the defect. Despite GENERAL MOTORS' knowledge of the dangerous nature of this defect and its effects on critical safety systems, GENERAL MOTORS concealed the defect and failed to remedy the problem. GENERAL MOTORS failed to disclose to consumers that its vehicles were no longer safe and reliable.

3. This case arises from GENERAL MOTORS' negligent design of the vehicles, its knowing marketing and sale of defective and unsafe vehicles, and its failure to disclose that as a result of defective ignition switches, potentially 9 million vehicles may have the propensity to shut down during normal driving conditions and create an extreme and unreasonable risk of accident, serious bodily harm, and death.

4. The defective vehicles are defective and dangerous for multiple reasons, including:
- Due to their weakness and their low placement, the ignition switches can inadvertently shut off the engine and vehicle electrical system during normal driving conditions;
- When the engine and electrical system shuts down, the power steering and power brakes also shut down, creating a serious risk of accident; and
- When the electrical system shuts down, the vehicle's airbags are disabled, creating a risk of serious bodily harm or death if an accident occurs.

5. The ignition switch defect makes the defective vehicles, including the 2008 Chevrolet Cobalt, unreasonably dangerous. Because of the defects, defective vehicles, including the 2008 Chevrolet Cobalt, are likely to be involved in accidents and individuals in the defective

vehicles are likely to suffer serious bodily harm or death, especially when the airbags fail to deploy.

6. Moreover, the ignition switch defect presents a significant and unreasonable safety risk exposing the owners of the defective vehicles, their passengers, and others in the vicinity to a risk of serious injury or death.

## I.     JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8. GENERAL MOTORS is authorized to conduct, and conducts, substantial business in West Virginia and in this District, and the Court has personal jurisdiction over the Defendant. GENERAL MOTORS marketed, promoted, distributed and sold the 2008 Chevrolet Cobalt, VIN# 1G1AK18F187263736 (the "Subject Cobalt") in which Plaintiff Todd Anglin was injured.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this action occurred in this District, and Defendant transacts business within this District.

## II.     PARTIES

10. Plaintiff Leland Anglin is a resident of Indiana and the Guardian of the person and Administrator of the estate of his son, Todd Anglin.

11. Plaintiff Todd Anglin is a resident of Indiana and was a passenger in the Subject Cobalt on November 17, 2008.

12. GENERAL MOTORS is a Delaware limited liability company with its principal place

of business located at 300 Renaissance Center, Detroit, Michigan, 48265.

13. GENERAL MOTORS was established in 2009, and on July 10, 2009, acquired substantially all assets and assumed certain liabilities of GENERAL MOTORS CORPORATION ("GMC") through a Section 363 sale under Chapter 11 of the U.S. Bankruptcy Code. GENERAL MOTORS manufactured and distributed the Subject Cobalt to consumers throughout the United States.

14. GENERAL MOTORS succeeds GMC in connection with defects relating to safety defects in the Subject Cobalt.

15. Among the liabilities and obligations expressly assumed by GENERAL MOTORS after the bankruptcy are the following:

> From and after the Closing, Purchaser [GENERAL MOTORS] shall comply with the certification, reporting and recall requirements of the National Traffic and Motor Vehicle Act, the Transportation Recall Enhancement, Accountability and Documentation Act, the Clean Air Act…and similar laws, in each case, to the extent applicable in respect of vehicles and vehicle parts manufactured or distributed by GMC.

16. GENERAL MOTORS assumed all liabilities arising under express written warranties of GMC that are specifically identified as warranties and delivered in connection with the sale of new vehicles manufactured or sold by GMC prior to or after the sale.

17. Through the bankruptcy and asset sale from GMC to GENERAL MOTORS, GENERAL MOTORS also assumed the liabilities of GMC for post-sale accidents involving personal injury.

18. At all times relevant herein, GMC was a corporation engaged in the business of designing, manufacturing and selling motor vehicles, including the Subject Cobalt.

### III.     GENERAL ALLEGATIONS

*a. The Crash*

19. On November 17, 2008, Plaintiff Todd Anglin was a passenger in the Subject Cobalt which was being driven by Dominque Simmons in Huntington County, Indiana.

20. As the Subject Cobalt was traveling eastbound on U.S. Route 224 in Huntington County, at approximately 10:32 p.m., the Subject Cobalt struck an object, rolled over and came to rest on its side and partially overturned.

21. Upon information and belief, at or near the time of impact, the ignition switch of the Subject Cobalt moved out of the "run" position into the "accessory" or "off" position, resulting in a failure of the Subject Cobalt's airbags to deploy.

22. As a result of the failure of the Subject Cobalt's airbags to deploy, Plaintiff Todd Anglin's body and head collided with the Subject Cobalt, causing injuries to his body, including severe brain injuries, an extensive bilateral shear injury with multiple petechial hemorrhages, contusions in various parts of his brain, a subdural hematoma, and bilateral rib fractures with a pulmonary contusion.  These injuries would not have occurred but for the airbag not deploying.

*b. The Recall*

23. After Plaintiff's crash, GENERAL MOTORS publicly admitted that the ignition switch system is defective and agreed to recall the defective vehicles, including the Subject Cobalt, to replace the old ignition switch with a redesigned version.

24. After the accident, an "Important Safety Recall" notice ("Recall Notice") was issued by GENERAL MOTORS notifying individuals that a defect relating to the Subject Cobalt existed and as such, a recall was being conducted.  In the Recall Notice, GENERAL MOTORS admitted that the ignition switch may move out of the "run" position, resulting in a partial loss of electrical

power and turning off the engine. Additionally, GENERAL MOTORS warned that if the ignition switch was not in the run position and the vehicle was involved in a crash, the air bags may not deploy, increasing the risk of injury or fatality.

25. At all material times, GENERAL MOTORS possessed vastly superior knowledge and information to that of Plaintiff about the design and function of the ignition switches in the Subject Cobalt and the existence of the defect in the Subject Cobalt.

26. The ignition switch defect has caused damages to Plaintiff Todd Anglin, including his bodily injuries.

## COUNT I
## NEGLIGENCE

27. Plaintiff incorporates each and every allegation set forth above.

28. The Subject Cobalt reached the consumer without substantial changes in condition from its manufacture.

29. GENERAL MOTORS had a duty to its customers as a manufacturer of motor vehicles to design, manufacture, market, and provide vehicles that, in its ordinary operation, are reasonably safe for its intended uses. GENERAL MOTORS further had a duty to adequately test its vehicles' safety before selling them to consumers.

30. GENERAL MOTORS had a heightened duty to test vehicles for ignition switch problems once GENERAL MOTORS was on notice that its vehicles were inclined to have ignition switch issues leading to engine failure, which can cause bodily injury, death, and property damage. Moreover, GENERAL MOTORS had a duty to provide true and accurate information to the public to prevent undue risks arising from the foreseeable use of its products.

31. GENERAL MOTORS breached these duties by negligently and carelessly designing,

manufacturing, testing, marketing and selling the defective vehicles, including the Subject Cobalt, in at least the following ways:

a. The Subject Cobalt was negligently designed, in that under certain conditions, the ignition switch may move out of the "run" position, resulting in a partial loss of electrical power and turning off the engine. If the ignition switch is not in the run position, the air bags will not deploy if the vehicle is involved in a crash, increasing the risk of injury or fatality;

b. The Subject Cobalt was not adequately tested to determine if it was safe for use by the consuming public, including Plaintiff;

c. The Subject Cobalt was not properly manufactured in that under certain conditions, the ignition switch may move out of the "run" position, resulting in a partial loss of electrical power and turning off the engine;

d. The defective and unreasonable condition of the Subject Cobalt was not obvious to the average consumer or reasonably foreseeable user, including Plaintiff;

e. GENERAL MOTORS withheld and failed to timely disclose material information to consumers, including Plaintiff, failed to timely issue consumer warnings, and failed to timely recall the Subject Cobalt after it became aware of the defects alleged above; and

f. GENERAL MOTORS knew or should have known that the Subject Cobalt was dangerously defective in a manner which could cause serious bodily harm or death.

32. In addition to the above-described design and manufacturing defects, at all times relevant, GENERAL MOTORS sold, marketed, advertised, distributed, and otherwise placed defective vehicles, including the Subject Cobalt, into the stream of commerce in an unlawful, unfair, fraudulent, and/or deceptive manner that was likely to deceive the public and negligently failed to warn Plaintiff of defects in the Subject Cobalt, about which GENERAL MOTORS either knew or should have known.

33. As direct and proximate causes of GENERAL MOTORS' breaches, Plaintiff Todd Anglin has suffered damages, including but not limited to bodily injuries, costs of medical treatment, gross and debilitating pain and suffering. Plaintiff further faces continuing and future

damages, including but not limited to costs of medical treatment and support, and gross and debilitating pain and suffering.

**WHEREFORE**, Plaintiff prays this Court adjudicate this dispute and enter judgment:

- o That GENERAL MOTORS was negligent;
- o That GENERAL MOTORS' negligence caused damages to Plaintiff;
- o That GENERAL MOTORS is liable to Plaintiff in the amount of such damages.

Plaintiff further prays for an award of costs, interest, and such other relief as this Court may find just and equitable.

## COUNT II
## STRICT LIABILITY

34. Plaintiff incorporates each and every allegation set forth above.

35. The Subject Cobalt manufactured and distributed by GENERAL MOTORS was unfit and unsafe for its intended uses and purposes because of defects inherent in its design and manufacturer.

36. GENERAL MOTORS knew that the Subject Cobalt was expected to be used by consumers without inspection for defects.

37. The Subject Cobalt reached the consumer without substantial change in condition from its manufacture.

38. The defective and unreasonably dangerous condition of the Subject Cobalt existed when it left control of GENERAL MOTORS.

39. At all material times, Plaintiff was unaware of the defective and unreasonably dangerous condition of the Subject Cobalt.

40. The Subject Cobalt was defective, inherently dangerous for its intended use and an

unreasonably dangerous product which caused injuries to Plaintiff in the following ways:

a. The Subject Cobalt was negligently designed, in that under certain conditions, the ignition switch may move out of the "run" position, resulting in a partial loss of electrical power and turning off the engine.  If the ignition switch is not in the run position, the air bags will not deploy if the vehicle is involved in a crash, increasing the risk of injury or fatality;

b. The Subject Cobalt was not adequately tested to determine if it was safe for use by the consuming public, including Plaintiff;

c. The Subject Cobalt was not properly manufactured in that under certain conditions, the ignition switch may move out of the "run" position, resulting in a partial loss of electrical power and turning off the engine. If the ignition switch is not in the run position, the air bags may not deploy if the vehicle is involved in a crash, increasing the risk of injury or fatality;

d. The defective and unreasonable condition of the Subject Cobalt was not obvious to the average consumer or reasonably foreseeable user, including Plaintiff;

e. GENERAL MOTORS withheld and failed to timely disclose material information to consumers, including Plaintiff, failed to timely issue consumer warnings, and failed to timely recall the Subject Cobalt after it became aware of the defects alleged above; and

f. GENERAL MOTORS knew or should have known that the Subject Cobalt was dangerously defective in a manner which could cause serious bodily harm or death.

41. The defects enumerated above were unexpected by ordinary consumers, including Plaintiff, and the Subject Cobalt failed to perform as expected by the ordinary consumer.

42. As direct and proximate causes of the GENERAL MOTORS' design and manufacturing defects inherent in the Subject Cobalt, Plaintiff Todd Anglin has suffered damages, including but not limited to bodily injuries, costs of medical treatment, gross and debilitating pain and suffering.  Plaintiff further faces continuing and future damages, including but not limited to costs of medical treatment and support, and gross and debilitating pain and suffering.

**WHEREFORE**, Plaintiff prays this Court adjudicate this dispute and enter judgment:

- o   That GENERAL MOTORS is strictly liable;

- o That the Subject Cobalt manufactured and distributed by GENERAL MOTORS is unfit and unsafe for its intended use and purpose because of defects inherent it its design and manufacture;
- o That as the direct and proximate causes of such design and manufacturing defects, Plaintiff has suffered damages; and
- o That GENERAL MOTORS is liable to Plaintiff in the amount of such damages.

Plaintiff further prays for an award of costs, interest, and such other relief as this Court may find just and equitable.

## COUNT III
### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

43. Plaintiff incorporates each and every allegation set forth above.

44. The Subject Cobalt was not reasonably fit for the ordinary purpose for which such goods are used and did not meet the expectations for the performance of the product when used in a reasonably foreseeable manner, nor was it minimally safe for its foreseeable purpose.

45. At all relevant times, Plaintiff Todd Anglin was a passenger in the Subject Cobalt in the manner foreseeable by Defendant.

46. GENERAL MOTORS is and was at all relevant times a merchant with respect to motor vehicles.

47. A warranty that the Subject Cobalt was in merchantable condition was implied by law when GENERAL MOTORS placed the vehicle into the stream of commerce.

48. At material times, GENERAL MOTORS knew of the defects which caused the Subject Cobalt to have been in non-merchantable condition when it was placed into the stream of

commerce, and to have been unfit for its ordinary purpose.

49. As a direct and proximate result of GENERAL MOTORS' breach of the warranty of merchantability, Plaintiff has been damaged in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays this Court adjudicate this dispute and enter judgment:

- That GENERAL MOTORS breached the implied warranty of merchantability;
- That GENERAL MOTORS' breach caused damages to Plaintiff;

    and

- That GENERAL MOTORS is liable to Plaintiff in the amount of

    such damages.

Plaintiff further prays for an award of costs, interest, and such other relief as this Court may find just and equitable.

## COUNT IV
## VIOLATIONS OF MAGNUSON-MOSS CONSUMER PRODUCTS WARRANTIES ACT
### ("Magnuson-Moss Act")
### 15 U.S.C. § 2301, *et seq.*

50. Plaintiff incorporates each and every allegation set forth above.

51. The Magnuson-Moss Act provides a private right of action by purchasers of consumer products against manufacturers or retailers who, among other things, fail to comply with the terms of express or implied warranties. See 15 U.S.C. § 2310(d)(1). As alleged *supra*, GENERAL MOTORS failed at material times to comply with the terms of the implied warranty of merchantability.

52. The Subject Cobalt is a "consumer product," as that term is defined in 15 U.S.C. § 2301(1).

53. GENERAL MOTORS is a "warrantor," as that term is defined in 15 U.S.C. § 2301(5).

54. Plaintiff Todd Anglin is a "consumer," as that term is defined in 15 U.S.C. § 2301(3).

11

55. The Magnuson-Moss Act provides a cause of action for, among other things, breach of warranty. See 15 U.S.C. § 2310(d)(1). GENERAL MOTORS has breached the implied warranty of merchantability, which it cannot disclaim under Magnuson-Moss, see 15 U.S.C. §2308(a)(1), by failing to provide merchantable goods. Plaintiff has suffered damages as a result of GENERAL MOTORS' breach of the implied warranty of merchantability, *supra*. See 15 U.S.C. § 2310(d)(1)-(2).

56. GENERAL MOTORS was on notice of the ignition switch defects as early as 2001, yet did not undertake any cure until 2014, nearly thirteen years later, when GENERAL MOTORS' knowledge of the ignition switch defects was first made public.

57. Plaintiff has suffered, and is entitled to recover, damages as a result of GENERAL MOTORS' breaches of warranty and violations of Magnuson-Moss.

58. Upon prevailing in this action, Plaintiff is entitled to an award of costs and expenses, including attorneys' fees. See 15 U.S.C. § 2310(d)(2).

WHEREFORE, Plaintiff prays this Court adjudicate this dispute and enter judgment:

- That GENERAL MOTORS violated the Magnuson-Moss Consumer Products Warranties Act;
- That GENERAL MOTORS' violation caused damages to Plaintiff; and
- That GENERAL MOTORS is liable to Plaintiff in the amount of such damages.

Plaintiff further prays for an award of costs, interest, and such other relief as this Court may find just and equitable.

## COUNT V
## VIOLATION OF INDIANA'S
## CONSUMER PROTECTION ACT

59. Plaintiff incorporates each and every allegation set forth above.

60. This cause of action is brought pursuant to the Indiana's Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq*. (the "Consumer Protection Act") to protect consumers from unfair or deceptive acts or practices.

61. Plaintiff Todd Anglin is a consumer, within the meaning of the Consumer Protection Act.

62. GM engages in the conduct of trade or commerce, within the meaning of the Consumer Protection Act.

63. In the course of GENERAL MOTORS' business, GENERAL MOTORS willfully failed to disclose and actively concealed the ignition switch defects and the lack of adequate fail-safe mechanisms in the Subject Cobalt. Accordingly, GENERAL MOTORS engaged in unfair, deceptive and unconscionable trade practices, including representing that the Subject Cobalt had characteristics, uses, benefits, and qualities which it did not have; representing that the Subject Cobalt was of a particular standard and quality when it was not; advertising the Subject Cobalt with the intent not to sell it as advertised; and otherwise engaging in conduct likely to deceive.

64. Plaintiff has suffered, and is entitled to recover, damages as a result of GENERAL MOTORS' violation of the Consumer Protection Act.

**WHEREFORE**, Plaintiff prays this Court adjudicate this dispute and enter judgment:

- o That GENERAL MOTORS violated the Consumer Protection Act;
- o That GENERAL MOTORS' violation caused damages to Plaintiff; and
- o That GENERAL MOTORS is liable to Plaintiff in the amount of

such damages.

Plaintiff further prays for an award of costs, interest, and such other relief as this Court may find just and equitable.

## JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Compensatory damages in excess of the jurisdictional amount, including, but not limited to pain, suffering, emotional distress, loss of enjoyment of life, and other non-economic damages in an amount to be determined at trial of this action;

b. Medical expenses and other economic damages in an amount to be determined at trial of this action;

c. Double or triple damages as allowed by law;

d. Restitution and disgorgement of profits;

e. Reasonable attorneys' fees;

f. Punitive damages;

g. The costs of these proceedings; and

h. Such other and further relief as this Court deems just and proper.

Dated: June 17, 2015                                Respectfully submitted,

                                                 s/ Eric T. Chaffin
**CHAFFIN LUHANA LLP**
Eric T. Chaffin, Esq.
Roopal P. Luhana, Esq.
Steven D. Cohn, Esq.
600 Third Avenue, 12th Floor
New York, New York 10016
Tel.: (347) 269-4472
Fax: (888) 499-1123
chaffin@chaffinluhana.com
luhana@chaffinluhana.com
cohn@chaffinluhana.com

*Attorneys for Plaintiff*